**HITNER v. LEDERER, Former Collector of Internal Revenue (two cases).**

Nos. 10698, 10700.

District Court, E. D. Pennsylvania.

Dec. 2, 1931.

William Clarke Mason, of Philadelphia, Pa., for plaintiffs.

344

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

The question here presented was ruled on a motion for judgment. (D. C.) 14 F.(2d) 991. It comes now with the effect of a case stated with all the fact findings stipulated. To comply with the formalities counsel will present requests which, with the answers thereto, will be incorporated with this opinion. The occasion for a reargument and a fresh consideration of the question is that since the ruling on the motion for judgment several cases have been ruled by the Supreme Court of the United States which are thought by counsel for plaintiff to call for judgment in his favor.

We have been favored by very helpful arguments, both oral and in writing, which it would be very interesting to follow. We, however, leave the discussion where the former opinion left it, inquiring only whether the later decisions call for a change of views.

The questions raised may be stated in the form of three concrete cases. If we have three taxpayers all alike situated, except in the one particular noted, the question becomes this:

1. A receives income in the form of salary compensation for services paid for in so called money.

2. B receives the like income but accepts corporate bonds in payment.

3. C receives the like income but is paid in tax free United States bonds.

In estimating the income tax payable by each on returns, including the above, should the same tax be levied? All agree that A and B should pay the like tax, but the plaintiff asserts that from the taxable income of C should be deducted the item made up of the United States bonds received in payment of salary. That these bonds are exempt as to both principal and interest from taxation (with exceptions not here important) is not disputed. The question thus becomes whether the income is taxed or the bonds. That two persons each in receipt of the same income should be assessed for income taxes on different basis so as to tax the one and not tax the other is not as startling a proposition as in its bare statement it seems to be. If Congress has chosen to promote the marketability of Liberty bonds by providing that any taxpayer who accepts them in lieu of a money income may have such part of his income deducted before his tax is assessed, the deduction must be made. Congress has not directly so enacted. Does the tax exemption act have this effect? If it has, these bonds will be in demand by income receivers and to this extent such bonds will be acceptable as a medium of exchange. This would in a real sense give to them the "circulation privilege." The view taken becomes a matter of concept. Every trade in kind may be viewed as a short cut to save two sales. Economists viewing money as a medium of exchange make of every sale two trade transactions. One owning any commodity but wishing to own bonds may trade in kind and thus own bonds, or he may sell his commodity for money and with the money buy bonds and thus become the owner of bonds as before. One with the right to receive money, but wishing to own bonds, may likewise accept the desired bonds in payment in lieu of money or he may receive money and with it buy bonds. If what he receives is income in an income sense, we are unable to see that it matters which is done. What he gets is in either event income. Is it, however, taxable income? If the proper concept is that the salary was paid in money and the money invested in bonds, all which was received being income, the total sum would measure the tax. It is contended, however, that the salary was not paid in money but in bonds, and as it has been ruled that the total income may be analyzed and all items not taxable struck out, the bond item here must be struck out as if nonexistent. This it is argued follows from Evans v. Gore, 253 U. S. 245, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519, and the other cases which follow in its wake.

We cannot accept this conclusion in its entirety. It is true that the aggregate income made up of different items may be inspected and any nontaxable income deducted before the tax is levied. This much we think follows the cited rulings.

In Evans v. Gore, one item was found to be a judge's salary, which was held to be exempt. This item was accordingly thrown out and treated as if nonexistent. It is true also that to determine this question there was inquiry into the "source" of the income which was there found to be the salary of a judge which was held to be tax exempt. When, however, the same inquiry is made here, the "source" of the income is found to be compensation for services which is not tax exempt. It is only when we inquire, not into the "source" of the income, but into the kind of money in which the salary was paid, that we encounter the Liberty bonds. Nothing short of a holding that in order to bring the

issue of Liberty bonds into greater demand and to thus promote their sale, Congress has enacted that in any transaction in which the party who receives a profit accepts payment, in Liberty bonds may deduct such part of his income before his taxable income is computed, will have the effect contended for by the plaintiff.

We do not think any of the cited cases so rule.

The conclusion reached is that the defendant should have judgment, with costs, and a formal judgment may be entered.